**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MELISSA GARZA, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | No. 1:22-cv-03098 |
| Plaintiff, | ) | |
| | ) | Honorable Matthew F. Kennelly |
| v. | ) | |
| | ) | |
| GERBER PRODUCTS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT GERBER PRODUCTS COMPANY'S MOTION TO DISMISS</u>**

WHITE & CASE LLP

Matthew R. Devine
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Tel: (312) 881-5400
Fax: (312) 881-5450
matthew.devine@whitecase.com

Bryan A. Merryman (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Tel: (213) 620-7700
Fax: (213) 452-2329
bmerryman@whitecase.com

*Counsel for Defendant
Gerber Products Company*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ...........................................................................................................1

FACTUAL BACKGROUND...........................................................................................2

LEGAL STANDARD.......................................................................................................4

ARGUMENT ...................................................................................................................5

I.      Plaintiff Does Not State a Consumer-Fraud Claim Because She Fails to Allege the Product Label Is Deceptive to Reasonable Consumers ...................................................5

      A.      There Is No Deception as to Nutritional Adequacy on the Product Label .........5

      B.      The Product Cannot Be Reasonably Confused with Infant Formula, Which Plaintiff, in Any Event, Lacks Standing to Allege...............................................9

      C.      Plaintiff Also Fails to Allege Intent and Injury ...............................................11

II.      Plaintiff's Remaining Claims Are Not Viable for the Same and Additional Reasons .11

      A.      Plaintiff's Breach of Warranty and MMWA Claims Fail Because She Lacks Privity with and Did Not Provide Pre-Suit Notice to Gerber ...........................12

      B.      Plaintiff's Fraud Claim Lacks Allegations Pled with Particularity .................12

      C.      Plaintiff Fails to Plead Negligent Misrepresentation .......................................13

      D.      Plaintiff's Unjust Enrichment Claim Is Duplicative and Similarly Fails .........13

III.      Plaintiff Lacks Standing to Seek Injunctive Relief Because She Alleges No Threat of Future Injury ...............................................................................................................13

IV.      Plaintiff's Likely Citation to an Order by a New York District Court, Which Was Under Reconsideration and Has Since Been Rejected by Another New York District Court, Merits No Weight ...............................................................................................14

CONCLUSION................................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Abramov v. Home Depot, Inc.*,
   No. 17-cv-1860, 2018 WL 1252105 (N.D. Ill. Mar. 12, 2018) ................................................8

*Andersen v. Vill. of Glenview*,
   821 F. App'x 625 (7th Cir. 2020) ............................................................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................4

*Bell v. Publix Super Markets, Inc.*,
   982 F.3d 468 (7th Cir. 2020) ...................................................................................................5

*Benson v. Fannie May Confections Brands, Inc.*,
   944 F.3d 639 (7th Cir. 2019) ............................................................................................4, 15

*Bober v. Glaxo Wellcome PLC*,
   246 F.3d 934 (7th Cir. 2001) ...............................................................................................5, 7

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
   761 F.3d 732 (7th Cir. 2014) ..................................................................................13, 14, 15

*Cerretti v. Whole Foods Mkt. Grp., Inc.*,
   No. 21-cv-5516, 2022 WL 1062793 (N.D. Ill. Apr. 8, 2022)...................................5, 6, 10, 13

*Chiappetta v. Kellogg Sales Co.*,
   No. 21-cv-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022) ..................................4, 10, 12, 13

*Cleary v. Philip Morris, Inc.*,
   656 F.3d 511 (7th Cir. 2011) .................................................................................................13

*Davis v. SPSS, Inc.*,
   385 F. Supp. 2d 697 (N.D. Ill. 2005) ....................................................................................13

*E.E.O.C. v. Concentra Health Servs., Inc.*,
   496 F.3d 773 (7th Cir. 2007) ...................................................................................................4

*Floyd v. Pepperidge Farm, Inc.*,
   581 F. Supp. 3d 1101 (S.D. Ill. 2022)......................................................................................6

*Gavilanes v. Gerber Prods. Co.*,
   No. 20-05558, 2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021) .......................................1, 14, 15

*Gordon v. Target Corp.*,
   No. 20-9589, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022)............................................ *passim*

*Guajardo v. Skechers USA, Inc.*,
   19-04104, 2021 WL 4302532 (C.D. Ill. Sept. 21, 2021) .........................................................9

*Ibarrola v. Kind, LLC*,
   83 F. Supp. 3d 751 (N.D. Ill. 2015) ......................................................................................5

*Jacobs v. Whole Foods Mkt. Grp., Inc.*,
   No. 22-2, 2022 WL 3369273 (N.D. Ill. Aug. 16, 2022) ....................................................5, 12

*Karlinski v. Costco Wholesale Corp.*,
   No. 21-cv-03813, 2022 WL 2867383 (N.D. Ill. July 21, 2022) ...................................9, 12, 13

*Lederman v. Hershey Co.*,
   No. 21-cv-4528, 2022 WL 3573034 (N.D. Ill. Aug. 19, 2022) ................................................8

*Manley v. Hain Celestial Grp., Inc.*,
   417 F. Supp. 3d 1114 (N.D. Ill. 2019) ..............................................................................9, 12

*McCauley v. City of Chicago*,
   671 F.3d 611 (7th Cir. 2011) .................................................................................................4

*Mednick v. Precor, Inc.*,
   No. 14-3624, 2016 WL 5390955 (N.D. Ill. Sept. 27, 2016) .................................................14

*Oden v. Bos. Sci. Corp.*,
   330 F. Supp. 3d 877 (E.D.N.Y. 2018) .................................................................................15

*Ollivier v. Alden*,
   634 N.E.2d 418 (Ill. Ct. App. 1994) ....................................................................................13

*Orlander v. Staples, Inc.*,
   802 F.3d 289 (2d Cir. 2015)................................................................................................15

*Reinitz v. Kellogg Sales Co.*,
   No. 21-1239, 2022 WL 1813891 (C.D. Ill. June 2, 2022)................................................5, 11

*Rice v. Dreyer's Grand Ice Cream, Inc.*,
   No. 21-cv-3814, 2022 WL 3908665 (N.D. Ill. Aug. 30, 2022) .....................................9, 12, 14

*Shailja Gandhi Revocable Tr. v. Sitara Cap. Mgmt., LLC*,
   No. 09-cv-3141, 2011 WL 814647 (N.D. Ill. Feb. 25, 2011).................................................10

*Venture Assocs. Corp. v. Zenith Data Sys. Corp.*,
   987 F.2d 429 (7th Cir. 1993) ...................................................................................3

*Wach v. Prairie Farms Dairy, Inc.*,
   No. 21-cv-2191, 2022 WL 1591715 (N.D. Ill. May 19, 2022)....................................6, 11, 12

*Willard v. Tropicana Mfg. Co., Inc.*,
   577 F. Supp. 3d 814 (N.D. Ill. 2021) ...............................................................7, 10

*Zahora v. Orgain LLC*,
   No. 21-cv-705, 2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) ................................5, 11, 12, 14

*Zylstra v. DRV, LLC*,
   8 F.4th 597 (7th Cir. 2021) ........................................................................12

## STATUTES AND RULES

21 C.F.R. § 101.9(c)(6)(iii) ...........................................................................7

21 C.F.R. §§ 184.1854-66 ...........................................................................8

810 ILCS 5/2-607(3)(a) ............................................................................12

815 ILCS 505/1 *et seq.*, Illinois Consumer Fraud and Deceptive Business Practices Act.... *passim*

15 U.S.C. §§ 2301 *et seq.*, Magnuson Moss Warranty Act ...................................4, 12

21 U.S.C. § 343-1(a) ...............................................................................7

Fed. R. Civ. P. 9(b) .........................................................................1, 4, 15

Fed. R. Civ. P. 12(b)(1)...............................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................1

iv

Defendant Gerber Products Company ("Gerber") submits this memorandum in support of its motion to dismiss the amended complaint, ECF No. 6 ("Amended Complaint" or "AC"),[1] under Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

This case is one of hundreds of lawsuits brought by the same lawyer alleging the label on a consumer product is deceptive. The Amended Complaint follows the same pleading formula—recycling verbatim allegations and claims, regardless of the party or product at issue—and ultimately shares the same fatal deficiencies as complaints that many courts, including at least ten district courts in Illinois in 2022 alone, have dismissed entirely at the pleading stage.

Like those complaints, the Amended Complaint here makes implausible allegations that do not support the asserted claims. Six months ago, in a reasoned 44-page decision, a U.S. District Court in the Southern District of New York dismissed a complaint, filed against Target by the same lawyer, which is substantially similar to the Amended Complaint here. *See Gordon v. Target Corp.*, No. 20-9589, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022). The *Gordon* court also rejected an earlier decision by a judge in the Eastern District of New York that had allowed some similar claims to survive a motion to dismiss as simply wrong on the law, *Gavilanes v. Gerber Prods. Co.*, No. 20-05558, 2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021). The *Gavilanes* order was subject to a motion for reconsideration at the time the same plaintiff's counsel here dismissed his case and later filed this case on behalf of Plaintiff in this District.

Recognizing that the label for Gerber Good Start Grow Toddler Drink ("Product") contains only true statements and complies with federal regulations, Plaintiff tries to manufacture a consumer-deception putative class action based on inferences she claims might be drawn from an

---

[1] Plaintiff Melissa Garza amended her complaint because it named the wrong defendant. ECF No. 4.

improper, compartmentalized review of the Product label. Plaintiff challenges the label's design, including its accurate description as a "milk based powder," alleging it is confusingly similar to Gerber's infant formula label, while ignoring that the label conspicuously discloses the Product is a "Toddler Drink" with "tailored nutrition for toddlers" from "12 to 24 months." Plaintiff also compares the Product to whole cow's milk (which is not appropriate for infants) and complains the Product is not as healthy because it contains more sugar and less protein. Plaintiff's allegations do not state a consumer-deception claim based on the Product label, which neither purports to be a substitute for whole cow's milk nor purports to provide 100% of a toddler's nutritional needs. Plaintiff fails to show, as required in the Seventh Circuit, that a significant portion of the public acting reasonably (reasonable consumers) would be misled by the factually correct Product label.

Plaintiff's remaining claims fall short for the same and additional reasons. Without an actionable misstatement, Plaintiff cannot assert claims for fraud, negligent misrepresentation, breach of warranty, or unjust enrichment. Plaintiff also fails to meet other requirements for pleading such claims, including intent to deceive (fraud) and privity and pre-suit notice (breach of warranties). Plaintiff also lacks standing to seek injunctive relief.

The fatal flaws in the Amended Complaint doom Plaintiff's entire theory and thus cannot be rectified by amendment. The Court should dismiss the Amended Complaint with prejudice.

## FACTUAL BACKGROUND

Gerber manufactures Gerber's Good Start GentlePro Infant Formula, which provides "complete nutrition" for "infants" aged "0 to 12 months." Ex. B (complete label for Infant Formula). Gerber also manufactures the Product: a "Toddler Drink" with "Tailored nutrition for

toddlers" aged "12 to 24 months." Ex. A (complete label for the Product).[2] Plaintiff alleges no statement on the Product label is false or violates federal regulations, but instead contends the Product is deceptively labeled for two reasons.

*First*, Plaintiff alleges the Product is nutritionally inappropriate for toddlers. Plaintiff compares the Product to whole cow's milk, cites a purported "global consensus of pediatric health organizations," and alleges children over 12 months should transition from exclusive breastfeeding or infant formula to "whole cow's milk, water and healthy whole foods as part of a balanced diet." AC ¶¶ 7-8.[3] Plaintiff also alleges the Product has added sugar. *See* AC ¶ 22. Contrary to Plaintiff's allegations, the Product label (i) does not represent that it provides *complete* nutrition or is nutritionally equivalent to whole cow's milk, (ii) does not represent that the Product is a "transition formula,"[4] and (iii) identifies clearly that the Product has added sugars. Ex. A.

*Second*, Plaintiff alleges the Product label is confusingly similar to Gerber's Infant Formula label, even though she does not allege she saw the Infant Formula label before purchasing the Product. *See* AC ¶¶ 9-20. Plaintiff contends both products are "milk based powder[s]" and purportedly feature "identical labeling elements," causing consumers "to make inaccurate and ill-advised nutritional purchasing decisions" for toddlers. *Id.* ¶¶ 15, 20, 29. In contrast to these allegations, the Product label does not represent that the Toddler Drink is identical to Infant

---

[2] The Court may consider Exhibits A-B because the Amended Complaint incorporates the product labels, and the full labels are central to Plaintiff's claims. *Andersen v. Vill. of Glenview*, 821 F. App'x 625, 627 (7th Cir. 2020); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993).

[3] Plaintiff's allegation that "transition formulas" or "toddler milks" are "not recommended" for children over 12 months misrepresents the sources to which she cites. *See* AC ¶ 8. Rather than suggest the Product is not recommended for its target age group, the World Health Organization (WHO) maintains that "follow-up formula" is merely only "unnecessary" when "breastfeeding continues for up to two years or beyond" and notes that "follow-up formula" is "unsuitable *when used as a breast milk replacement*." Ex. C (WHO publication cited at AC ¶ 8 n.3) (emphasis added).

[4] Neither Gerber nor the Product uses the term "transition formula." The Product is labeled as a "Toddler Drink." *See* Ex. A. Its label does not include the words "transition" or "formula." *Id.*

3

Formula, and the products have obvious distinguishing features and statements.  Exs. A-B.

Plaintiff asserts five causes of action on behalf of herself and a putative class of Illinois consumers: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); (2) breach of express and implied warranties and the Magnuson Moss Warranty Act ("MMWA"); (3) negligent misrepresentation; (4) fraud; and (5) unjust enrichment.  AC ¶¶ 69-74, 80-106.  She also purports to represent a multi-state putative class of purchasers for alleged violations of consumer-fraud statutes, which she does not identify, "in the States of Iowa, Arkansas, Wyoming, North Dakota, and Utah."  *Id.* ¶¶ 61, 75-79.  Plaintiff seeks several remedies, including injunctive relief.  *Id.*, Prayer for Relief, pp. 17-18 ¶¶ 2-3.

## LEGAL STANDARD

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief [ ] by providing allegations that 'raise a right to relief above the speculative level.'"  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).  "[L]egal conclusions and conclusory allegations . . . are not entitled to th[e] presumption of truth."  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Plaintiff's ICFA and fraud claims, which Plaintiff grounds on allegations of deceptive conduct, must meet the heightened pleading requirements of Rule 9(b).  *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *3 (N.D. Ill. Mar. 1, 2022) (citing *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019)).  Courts dismiss requests for injunctive relief if the plaintiff lacks standing to pursue such relief.  *Id.* at *10.

**ARGUMENT**

I.   **Plaintiff Does Not State a Consumer-Fraud Claim Because She Fails to Allege the Product Label Is Deceptive to Reasonable Consumers**

"In order to state a claim under the ICFA, [Plaintiff] must allege with *particularity*: (1) a deceptive act or practice by [Gerber], (2) [Gerber's] intent for [Plaintiff] to rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to her that was (5) proximately caused by the deception." *Zahora v. Orgain LLC*, No. 21-cv-705, 2021 WL 5140504, at *3 (N.D. Ill. Nov. 4, 2021) (emphasis added). Plaintiff must show "the product packaging was 'likely to deceive reasonable consumers,' and that 'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Cerretti v. Whole Foods Mkt. Grp., Inc.*, No. 21-cv-5516, 2022 WL 1062793, at *3 (N.D. Ill. Apr. 8, 2022) (quoting *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474-75 (7th Cir. 2020)).[5] Under this objective standard, the Court should dismiss the Amended Complaint because the Product label is "not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938, 940 (7th Cir. 2001)).

   **A.    There Is No Deception as to Nutritional Adequacy on the Product Label**

The Amended Complaint rests largely on the irrational and unfounded premise that consumers are misled to believe the Product is nutritionally adequate, when it is allegedly not. AC §§ I., III. Plaintiff does not identify an affirmative misrepresentation about the Product's nutritional content or adequacy. She instead compares the Product to whole cow's milk and complains the Product contains added sugars. *See, e.g.*, *id.* ¶¶ 8, 22, 25-28. Plaintiff fails to

---

[5] Courts have analyzed unidentified consumer-fraud statutes in other states under the same standard. *See, e.g.*, *Reinitz v. Kellogg Sales Co.*, No. 21-1239, 2022 WL 1813891, at *5 (C.D. Ill. June 2, 2022); *Jacobs v. Whole Foods Mkt. Grp., Inc.*, No. 22-2, 2022 WL 3369273, at *2 (N.D. Ill. Aug. 16, 2022).

plausibly allege, in the absence of an affirmative misrepresentation, how reasonable consumers—a significant portion of the general consuming public, acting reasonably in the circumstances—could have been deceived.

*First*, the Product label contains no affirmative representations about the Product's sugar or protein content; nor does the label imply any comparison to whole cow's milk or state the Product is "nutritionally adequate." Ex. A. The Amended Complaint does not allege any nutritional claim on the Product label (e.g., "milk based powder," "probiotics," "DHA," "iron," "calcium," "vitamin D") misrepresents the Product's contents or is otherwise inappropriate for the needs of toddlers. *See Gordon*, 2022 WL 836773, at *10 (finding no deception because the label did not claim that the product "gives toddlers nutrition that they would not get from other sources, that the Product is necessary for development, that the Product is recommended by pediatric health experts, or that the Product is to toddlers what the Infant Formula is to infants").

"The Seventh Circuit has held that a statement or label cannot mislead unless it actually conveys untrue information about a product." *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1109 (S.D. Ill. 2022); *see also, e.g.*, *Cerretti*, 2022 WL 1062793, at *3 (dismissing ICFA claim, holding the plaintiff "ground[ed] her interpretation of [defendant's] representations on dictionary definitions, consumer preferences, survey results, and federal regulations, [but] [n]one of plaintiff[']s allegations show[ed] [defendant] was lying"); *Wach v. Prairie Farms Dairy, Inc.*, No. 21-cv-2191, 2022 WL 1591715, at *3 (N.D. Ill. May 19, 2022) (dismissing ICFA claim, refusing to accept as true conclusory allegations about consumer expectations not supported by the product label). Without any misrepresentation, or affirmative representation on the subjects underlying Plaintiff's deception claims, the Product label cannot mislead reasonable consumers.

*Second*, no reasonable consumer would conclude from the Product label either (i) that the

Product contains no added sugars or (ii) that it is nutritionally equivalent to whole cow's milk. The front label contains no representations about sugar, and Plaintiff concedes the Product's sugar content, including a separate line for "added sugars," is openly listed in the Nutrition Facts panel, which complies with federal regulations.[6] AC ¶¶ 22-23; *see Gordon*, 2022 WL 836773, at *11 (finding the Nutrition Facts panel identified added sugars and "there are no statements on the Product's label which suggest that the product does *not* contain added sugar"). Given the complete context of the Product label, no reasonable consumer would believe the Product contains no added sugars. *See Bober*, 246 F.3d at 939 (affirming dismissal of ICFA claim after considering "all of the information available" to the plaintiff and other consumers); *Willard v. Tropicana Mfg. Co., Inc.*, 577 F. Supp. 3d 814, 831 (N.D. Ill. 2021) ("[the plaintiff] and the general public are not free to ignore the ingredient list").

There is also no representation on the Product label equating the nutrition of the Product with the nutrition of whole cow's milk. In addition, a reasonable consumer understands "Tailored nutrition" to refer to the subsequently listed nutritional benefits ("Everyday Probiotics – Digestive health and immune support"; "Brain development – DHA and Iron"; and "Strong bones & teeth – Calcium & Vitamin D"); the "probiotics" and "essential nutrients, like vitamins D and E"; and other vitamins and minerals listed in the Nutrition Facts panel. *See* Ex. A. The Product label in no way represents, or even intimates, the Product is nutritionally equivalent to whole cow's milk, should replace whole cow's milk, or should be used alone without other foods—in fact, the label implies the opposite: that it should only be *part* of a diet, "to help fill common nutrient gaps" (*see*

---

[6] Any attempt by Plaintiff to impose label requirements that differ from those set by FDA is preempted. *See* 21 U.S.C. § 343-1(a) (preempting state food labeling requirement "not identical" to federal requirements). Consistent with FDA regulations, the Product label lists in the Nutrition Facts panel the gram amount of added sugars in a serving of a product, indented and directly below total sugar. *See* 21 C.F.R. § 101.9(c)(6)(iii); FDA guidance, *Nutrition and Supplement Facts Labels* (Dec. 2019), *available at* https://www.fda.gov/media/117402/download.

*id.*).  *See Gordon*, 2022 WL 836773, at *11 (holding the product label made "no representation as to its nutritiousness as compared to whole cow's milk").

*Third*, Plaintiff's allegation that consumers are "not told" the Product is "inconsistent and contrary to [toddlers'] nutritional needs" also fails as a matter of law.  *See* AC ¶ 24.  The Product label is not misleading, as Plaintiff alleges, simply because it does not advise consumers of nutritional differences between the Product and a separate food item (whole cow's milk) that is not referenced on the label.[7]  The Amended Complaint provides no theory as to how the omission of such information would mislead "a significant portion of the *general consuming public* [ ], acting reasonably."  *Lederman v. Hershey Co.*, No. 21-cv-4528, 2022 WL 3573034, at *4 (N.D. Ill. Aug. 19, 2022) (rejecting alleged expectations of experts and subgroups because the plaintiff failed to show "the reasonable 21st century *consumer* has the same expectations").

Nor can Plaintiff survive dismissal by alleging Gerber deceptively omitted this information from the Product label.  "[T]he *few* cases which have found a true statement to be actionable under ICFA have all involved a facially obvious omission or deception as to a material fact," which is not true here because Plaintiff "had access to all of the information that [s]he needed to determine" whether the Product reflected a toddler's nutritional needs.  *Abramov v. Home Depot, Inc.*, No. 17-cv-1860, 2018 WL 1252105, at *3 (N.D. Ill. Mar. 12, 2018) (emphasis added) (dismissing ICFA claim based on omission theory); *see also Gordon,* 2022 WL 836773, at *10 (finding no actionable omission because the plaintiff had access to the allegedly omitted public health information).  Alleging a product label is "insufficiently specific" is not enough to state an

---

[7]  Further, any allegation by Plaintiff that the added sugars in the Product are "inconsistent and contrary to [toddlers'] nutritional needs" conflicts with statements by FDA that added sugars are "generally recognized as safe," 21 C.F.R. §§ 184.1854-66, and "can be a part of a healthy dietary pattern when not consumed in excess amounts," FDA Final Rule, *Food Labeling: Revision of the Nutrition and Supplement Facts Labels*, 81 F.R. 33742, 33760 (May 27, 2016).

8

ICFA claim. *Manley v. Hain Celestial Grp., Inc.*, 417 F. Supp. 3d 1114, 1119 (N.D. Ill. 2019); *Guajardo v. Skechers USA, Inc.*, 19-04104, 2021 WL 4302532, at *3-5 (C.D. Ill. Sept. 21, 2021) (dismissing ICFA claim because the plaintiff alleged no direct statements with material omissions).

Plaintiff similarly cannot survive dismissal by cherry-picking and vaguely referring to studies that are not specific to the Product and do not show the Product label is deceptive. AC ¶¶ 30-32; *see Gordon*, 2022 WL 836773, at *10 ("Plaintiff's allegations that the Transition Formula industry as a whole deceives consumers do not satisfy Plaintiff's burden to allege that a specific advertisement or statement by Defendant would mislead a reasonable consumer as to the Product."). The Product label does not claim the Product "'give[s] toddlers nutrition that they wouldn't get from other sources,'" and Plaintiff has not plausibly alleged the Product is not "suitable" for consumption. *See* AC ¶¶ 30-32. The Court should follow other courts in this District that have held such surveys cited by Plaintiff's lawyer do not support the alleged deception or render plausible the ICFA claim. *See, e.g.*, *Rice v. Dreyer's Grand Ice Cream, Inc.*, No. 21-cv-3814, 2022 WL 3908665, at *4 (N.D. Ill. Aug. 30, 2022); *Karlinski v. Costco Wholesale Corp.*, No. 21-cv-03813, 2022 WL 2867383, at *5 (N.D. Ill. July 21, 2022) ("Other district courts have likewise grappled with substantially similar surveys made by the same attorney and have come to similar conclusions."). Plaintiff fails to allege plausibly (and particularly) the Product label is deceptive as to nutritional adequacy.

**B. The Product Cannot Be Reasonably Confused with Infant Formula, Which Plaintiff, in Any Event, Lacks Standing to Allege**

Plaintiff alleges erroneously that "identical labeling elements" on the Product label and the Infant Formula label mislead consumers to believe the two products are identical. AC ¶ 20. Plaintiff's theory fails at the outset because she does not allege she saw an Infant Formula label before purchasing the Product. *See Shailja Gandhi Revocable Tr. v. Sitara Cap. Mgmt., LLC*, No.

09-cv-3141, 2011 WL 814647, at *5 (N.D. Ill. Feb. 25, 2011) (dismissing ICFA claim because the plaintiffs failed to plead they actually read or heard the alleged representations). Moreover, Plaintiff's allegation that she would have been better off purchasing whole cow's milk, which is not nutritionally appropriate for infants (*see, e.g.*, AC ¶¶ 2-3, 17), renders her theory of deception based on purported confusion between the Product and Infant Formula facially implausible.

Plaintiff's theory fails for more reasons. Plaintiff alleges both products have "identical statements of identity"—"Milk Based Powder"—which she claims "fail[ ] to indicate how" the two products are different. AC ¶¶ 15-16. The products' labels, however, directly contradict these allegations, which are the type of "unreasonable or fanciful interpretations" that warrant dismissal as a matter of law. *Chiappetta*, 2022 WL 602505, at *4. A review of the full context of the two products' labels shows no reasonable consumer would confuse them. *See* Exs. A-B; *Cerretti*, 2022 WL 1062793, at *3 ("The context of the entire packaging of the [product] along with all the information available to consumers and the context in which that information is provided and used is relevant.") (citation and quotation marks omitted). Both products are a "milk based powder," which describes their basic nature. There is nothing misleading about two products that are both powders and milk based, and thus accurately described as such. Plaintiff's theory ignores that— before those descriptions, in even larger font—the labels of the two products are "Infant Formula with Iron" (Infant Formula) and "Toddler Drink" (Product). *See* AC ¶ 15; Exs. A-B; *Willard*, 577 F. Supp. at 833 ("A reasonable consumer may not ignore statements on the front label.").

The material differences on the labels continue. Each product is distinguishable by additional unambiguous representations on the front labels: Infant Formula is an "Infant Formula" for ages "0 to 12 months"; the Product is a "Toddler Drink" for ages "12 to 24 months." Exs. A-B. Infant Formula is "For **complete** nutrition and advanced comfort"; the Product provides

"*Tailored* nutrition for toddlers." *Id.* (emphases added). Both products also contain a significantly different Nutrients panel (Infant Formula) and Nutrition Facts panel (the Product). *Id.*

Plaintiff's allegations and the Product label provide no basis for reasonable consumers to make any of the inferences Plaintiff alleges are misleading. The existence of some shared attributes—such as "Everyday probiotics" (probiotics are useful for both infants and toddlers (and adults)), and other similarities, such as "common labeling formats" (an expected feature of products from the same manufacturer)—fail to support Plaintiff's implausible allegations that the labels and the products are "identical."

Plaintiff fails to allege plausibly (and particularly) the Product label is deceptive to a reasonable consumer. The Court should thus dismiss her ICFA claim and claims "for violations of unspecified other state consumer fraud acts." *Wach*, 2022 WL 1591715, at *6; *see also, e.g.*, *Reinitz*, 2022 WL 1813891, at *5.

### C. Plaintiff Also Fails to Allege Intent and Injury

The Amended Complaint also fails to allege plausibly (or with particularity) that Gerber intended for Plaintiff to rely on purported deception. *Zahora*, 2021 WL 5140504, at *3. Plaintiff's allegations related to Gerber's intent are conclusory and are not specific to Plaintiff or any deceptive act. *See* AC ¶¶ 77, 123. Plaintiff similarly fails to allege any deceptive act proximately caused her injury. *Zahora*, 2021 WL 5140504, at *3. Plaintiff identifies no specific representation on which she relied in purchasing the Product. *Cf. Gordon*, 2022 WL 836773, at *13 (finding no injury because the plaintiff failed to identify a specific advertisement on which she relied).

## II. Plaintiff's Remaining Claims Are Not Viable for the Same and Additional Reasons

Plaintiff premises her Illinois common-law claims on the same theory of deception as her ICFA claim. Because Plaintiff's theory of deception fails under the ICFA, her remaining causes of action also fail. *See, e.g.*, *Rice*, 2022 WL 3908665, at *5 (dismissing common-law claims based

on same theory as ICFA claim); *Wach*, 2022 WL 1591715, at *6 (same); *Chiappetta*, 2022 WL 602505, at *6-9 (same); *Zahora*, 2021 WL 5140504, at *5 (same); *Karlinski*, 2022 WL 2867383, at *7-10 (same, with prejudice). While this alone warrants dismissal, the Court may also dismiss Plaintiff's claims for the following additional reasons.

### A.  Plaintiff's Breach of Warranty and MMWA Claims Fail Because She Lacks Privity with and Did Not Provide Pre-Suit Notice to Gerber

For the reasons explained above, Plaintiff identifies no false representation, and does not plausibly allege the Product is unfit for its purpose—consumption by a toddler. *See Rice*, 2022 WL 3908665, at *5. Moreover, Plaintiff must show privity of contract for breach of express and implied warranty claims. *Manley*, 417 F. Supp. 3d at 1124-25. Plaintiff allegedly purchased the Product from a third-party store (AC ¶ 51) and thus has no privity with Gerber. Plaintiff also did not provide pre-suit notice to Gerber. *See* 810 ILCS 5/2-607(3)(a). The vague allegation that Plaintiff "provided or will provide notice" (AC ¶ 90) fails to plead she *did in fact* provide notice. *See Karlinski*, 2022 WL 2867383, at *7-8 (rejecting same allegation and holding filing complaint is not pre-suit notice). Plaintiff's allegation that Gerber received "complaints by regulators, competitors, and consumers" (AC ¶ 91), even if true, "is not the same thing as [Gerber's] knowledge of the Plaintiff's particular claim." *Karlinski*, 2022 WL 2867383, at *8. Because Plaintiff's warranty claims fail, her MMWA claim also fails. *Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021) ("The MMWA depends on the existence of an underlying viable state-law warranty claim, and so the two claims . . . succeed or fail together.").

### B.  Plaintiff's Fraud Claim Lacks Allegations Pled with Particularity

Besides failing to allege a false statement of material fact and reasonable reliance on such fact (*see Rice*, 2022 WL 3908665, at *5; *Jacobs*, 2022 WL 3369273, at *3), the Amended Complaint does not state a claim for fraud because it fails to allege Gerber "intentionally made a

false statement of material fact . . . for the purpose of inducing reliance." *Ollivier v. Alden*, 634 N.E.2d 418, 424 (Ill. Ct. App. 1994). The general, conclusory allegation that Gerber's "fraudulent intent is evinced by careful labeling" (AC ¶ 105) is insufficient to plead scienter. *Chiappetta*, 2022 WL 602505, at *8 (rejecting similar allegation).[8]

### C. Plaintiff Fails to Plead Negligent Misrepresentation

In addition to not alleging a false statement of material fact, which dooms her negligent misrepresentation claim, Plaintiff alleges only monetary loss and not personal injury or property damage, so the economic loss rule also bars her claim. *See Karlinski*, 2022 WL 2867383, at *8 (dismissing negligent misrepresentation claim with prejudice for same failures).

### D. Plaintiff's Unjust Enrichment Claim Is Duplicative and Similarly Fails

Unjust enrichment is not a separate cause of action in Illinois, and "will stand or fall" with related claims of "the same [alleged] improper conduct." *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011); *Cerretti*, 2022 WL 1062793, at *7. Because Plaintiff bases all her claims on the same allegations, her unjust enrichment claim should be dismissed like those claims.

### III. Plaintiff Lacks Standing to Seek Injunctive Relief Because She Alleges No Threat of Future Injury

An injunction is an equitable remedy, not a separate cause of action, and because Plaintiff "has not pled any viable claims, . . . there are no claims for which [she] can seek injunctive relief as a remedy." *Chiappetta*, 2022 WL 602505, at *9. Plaintiff lacks standing to seek prospective injunctive relief because she "fail[s] to sufficiently allege that [Gerber's] conduct will likely cause [her] harm in the future." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014). Plaintiff concedes she "would *not* have purchased the Product" had she known the

---

[8] Plaintiff's allegation that Gerber "sold more of the Product and at a higher price . . . resulting in additional profits" (AC ¶ 44) falls far short as well, because these are "basic motivations . . . of running a successful corporation," *Davis v. SPSS, Inc.*, 385 F. Supp. 2d 697, 714 (N.D. Ill. 2005).

purported "truth." AC ¶¶ 35, 56 (emphasis added). She now knows of the alleged deception and cannot be harmed by it. *Camasta*, 761 F.3d at 741.

Nor can Plaintiff "rely on the prospect that *other* consumers may be deceived to boost [her] own standing." *Mednick v. Precor, Inc.*, No. 14-3624, 2016 WL 5390955, at *9 (N.D. Ill. Sept. 27, 2016) (citation and quotation marks omitted). Because she lacks standing, Plaintiff cannot pursue injunctive relief on behalf of herself or a putative class. *See Zahora*, 2021 WL 5140504, at *6; *Rice*, 2022 WL 3908665, at *2-3; *cf. Gordon*, 2022 WL 836773, at *9 n.3 ("A claim for injunctive relief on behalf of a past purchaser is plainly frivolous.").

**IV.**     **Plaintiff's Likely Citation to an Order by a New York District Court, Which Was Under Reconsideration and Has Since Been Rejected by Another New York District Court, Merits No Weight**

Plaintiff will likely cite *Gavilanes*, 2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021). In *Gavilanes*, Judge Frederic Block granted and denied in part Gerber's motion to dismiss a similar complaint involving the Product. Like the *Gordon* court, this Court should give no weight to *Gavilanes* for several reasons.

*First*, the *Gavilanes* order contradicts New York law and many decisions from other courts and thus Gerber filed a motion for reconsideration. No. 20-05558, ECF No. 26. Shortly after Gerber filed the motion, however, the plaintiff voluntarily dismissed the case. *Id.*, ECF No. 31.

*Second*, in *Gordon*, five months later, Judge Kenneth M. Karas rejected *Gavilanes* in a reasoned 44-page decision. *See Gordon*, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022). In *Gordon*, Judge Karas dismissed all claims in a complaint substantially similar to the complaint in *Gavilanes* and the Amended Complaint filed in this case. *Id.* at *19; *see id.* at *13 n.5, 15 n.7, 17 n.9, 19 n.10. In the *Gordon* decision, Judge Karas stated several times that he did not agree with the *Gavilanes* order, refused to "adopt its conclusion[s]," and noted the *Gavilanes* order "relied on a misapplication of law" and "engaged in little [or no] analysis." *Id.*

*Third*, *Gavilanes* involved claims under New York law. Unlike claims under New York's consumer-fraud statutes, claims under the ICFA alleging deception must meet Rule 9(b)'s heightened pleading standard. *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018) (holding claims under New York's consumer-fraud statutes are not subject to Rule 9(b)); *Benson*, 944 F.3d at 646 (applying Rule 9(b) to ICFA deception claim). Also, unlike New York's consumer-fraud statutes, the ICFA requires "the defendant's intent that the plaintiff rely on the deceptive or unfair practice." *Compare Camasta*, 761 F.3d at 739 (ICFA claim elements), *with Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (elements of New York consumer-fraud statutes). Like Judge Karas in *Gordon*, this Court should reject the erroneous conclusions and misapplications of law in *Gavilanes*.

## **CONCLUSION**

The Court should grant Gerber's motion to dismiss the Amended Complaint with prejudice.

Dated: September 26, 2022       Respectfully submitted,

WHITE & CASE LLP

/s/ *Matthew R. Devine*
Matthew R. Devine
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Tel: (312) 881-5400
Fax: (312) 881-5450
matthew.devine@whitecase.com

Bryan A. Merryman (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Tel: (213) 620-7700
Fax: (213) 452-2329
bmerryman@whitecase.com

*Counsel for Defendant*
*Gerber Products Company*

## **CERTIFICATE OF SERVICE**

I, Matthew R. Devine, hereby certify that, on September 26, 2022, a copy of the foregoing was served by CM/ECF on all counsel of record.

/s/ *Matthew R. Devine*
Matthew R. Devine